IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2015

## STATE OF TENNESSEE v. JAMES BRANDON STEWART

**Appeal from the Circuit Court for Hardeman County
No. 6896     J. Weber McGraw, Judge**

---

**No. W2015-00167-CCA-R3-CD  -  Filed December 18, 2015**

---

The defendant, James Brandon Stewart, appeals the summary denial of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence.  Because the challenged sentence has expired, we affirm the summary dismissal of the defendant's motion.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROGER A. PAGE and TIMOTHY L. EASTER, JJ., joined.

James Brandon Stewart, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General (Senior Counsel), for the appellee, State of Tennessee.

### OPINION

        In 2005, the defendant pleaded guilty to two counts of aggravated assault and two counts of reckless endangerment in exchange for a sentence of two years' probation.  In his Tennessee Rule of Criminal Procedure 36.1 motion, the defendant claimed that he committed the enumerated offenses on January 24, 2004, while on bail from October 21, 2002 Mississippi charges of felony possession of a controlled substance, first offense driving under the influence, and driving on a suspended license.  He claimed further that he was convicted of the Mississippi charges and sentenced to serve "5 years custody with 3 years suspended and 3 years post release probation."  He stated that, when he pleaded guilty to the Tennessee charges in April 2005, the trial court ordered that the two-year effective sentence imposed in that case be served concurrently with his Mississippi sentence, in direct contravention of Tennessee Rule of Criminal Procedure 32(c)(3)(C) and Tennessee Code Annotated section 40-20-111(b).  The trial

court summarily denied the motion, concluding that "it does not appear that the defendant is serving an illegal sentence." The defendant unsuccessfully moved the trial court to reconsider its decision and then filed an untimely notice of appeal.

Initially, the State points out that the defendant's notice of appeal was untimely and argues that, because the record belies the defendant's claim, the interests of justice do not require the waiver of the timely filing in this case. *See* Tenn. R. App. P. 4(a) ("[I]n all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice."). In an order denying the State's motion to dismiss the appeal, however, this court previously waived the timely filing of the notice of appeal in this case. In consequence, we will address the merits of the defendant's appeal.

Tennessee Rule of Criminal Procedure 36.1, which became effective on July 1, 2013, provides the defendant and the State an avenue to "seek the correction of an illegal sentence" by filing a motion in the trial court "at any time" following the conviction. Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Id.* To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant need only "state[] a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1, . . . colorable claim means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. James D. Wooden*, ___ S.W.3d ___, No. E2014-01069-SC-R11-CD, slip op. at 9 (Tenn. Dec. 2, 2015). Although the movant is not required to support a Rule 36.1 claim by providing documentation from the record, *see id.*, slip op. at 10 (citing *George William Brady v. State*, No. E2013-00792-CCA-R3-CD, slip op. at 8 (Tenn. Crim. App., Knoxville, Dec. 19, 2013), the movant must, "at a minimum," "state with particularity the factual allegations on which the claim for relief from an illegal sentence is based" and "may support the motion with affidavits," *id.* Additionally the trial court, "when determining whether a Rule 36.1 motion sufficiently states a colorable claim, . . . may consult the record of the proceeding from which the allegedly illegal sentence emanated." *Id.*

In this case, the trial court summarily dismissed the defendant's motion, concluding that it did "not appear that the defendant is serving an illegal sentence." In his motion for reconsideration, the defendant clarified that he "was not attacking the sentence that [he] is currently serving" but was instead "attacking the sentence in Case No. 6896 which [he] has already served." He stated, "The sentence in question has expired but Rule 36.1 allows a defendant to file a motion 'at any time.'" Our supreme court has held that the phrase "at any time" does not actually mean that a movant may file for Rule 36.1 relief "at any time," observing that the phrase "has no bearing on whether

Rule 36.1 authorizes relief from expired illegal sentences." *State v. Adrian R. Brown*, ___ S.W.3d ___, No. E2014-00673-SC-R11-CD, slip op. at 11 (Tenn. Dec. 2, 2015). The court ruled that Rule 36.1 "does not authorize the correction of expired illegal sentences" and that "a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." *Id.*, slip op. at 12. Because the sentence challenged by the defendant's Rule 36.1 motion has expired, he is not entitled to relief, regardless of whether the sentence imposed was illegal.

Accordingly, we affirm the summary dismissal of the defendant's Rule 36.1 motion.

_____
JAMES CURWOOD WITT, JR., JUDGE